(29 Civ. Proc. R. 51.)

THIRD AVE. R. CO. v. KLINKER et al.

(Supreme Court, Special Term, New York County. February 10, 1899.)

PAYMENT OF JUDGMENT—RIGHT TO RECOVER BACK—MISTAKE.

    After the denial, by the appellate division, of an application for leave to appeal to the court of appeals from an affirmance of a judgment, and during the pendency of an application to the court of appeals for leave to so appeal, made without the procurement of a stay of execution, the judgment debtor, erroneously believing that his application to the court of appeals had been rejected, paid the judgment on the creditor's threat to issue execution. *Held* that, on being granted leave to appeal, the judgment debtor could not recover back the amount as paid under a mistake, since the payment, made while the right to issue execution on the judgment existed, was voluntary.

Action by the Third Avenue Railroad Company against one Klinker and others. On motion for injunction pendente lite. Denied.

Hoadley, Lauterbach & Johnson (Herbert R. Lenburger, of counsel), for the motion.

G. Washbourne Smith, opposed.

BISCHOFF, J. After affirmance by the appellate division of a judgment in an action brought against this plaintiff by the defendant Klinker for negligence, and after denial of the appellant's motion for leave to appeal to the court of appeals, the judgment was paid at Klinker's insistence that otherwise he would immediately issue execution. Five days prior to the payment thus made by it, the plaintiff had applied to the chief judge of the court of appeals for an order authorizing an appeal to that court, and four days after the payment the application was granted. Alleging the insolvency of Klinker, the plaintiff has brought an action for an injunction to restrain any disposal of the fund thus paid over to his attorney, and

which now remains intact in the hands of the defendant bank, pending the determination of the appeal in the negligence case, and this motion is for an injunction pendente lite.

Upon the state of facts thus presented, I am constrained to the conclusion that the plaintiff has no cause of action, and that the motion, which must depend upon the sufficiency of the complaint, cannot be granted. The payment of the judgment was a voluntary act, and one which it was the plaintiff's duty to perform. Pending the application to the court of appeals, a stay of execution could have been procured, but it was not procured, and at the date when the payment was made Klinker had an absolute right to enforce the judgment, of which right, but for the payment, he would have availed himself, according to the allegations of the complaint. The theory of the action is that the payment was made under a mistake of fact, the mistake being found in the plaintiff's belief that its application had been disregarded by the court of appeals, whereas, at the time of the payment, the matter was still under consideration by that court. But how far did this affect the situation which existed when the payment was made? In the first place, it should be noted that the judgment creditor, Klinker, was entitled to receive the fund absolutely at this time, under the existing state of facts, because, without a stay, the judgment was fully enforceable whether the application theretofore made to the court of appeals was in fact rejected, or under consideration, or granted. The status of the application had nothing to do with the situation under which Klinker became entitled to the fund, and it does not appear, indeed, that he had any knowledge of its having ever been made. Thus there was no mutual mistake of any fact which could affect the rights of the parties to the transaction, and, had this plaintiff actually known the facts at the time of the payment as they were, viz. that the application was not rejected, but was not as yet passed upon, it would still have been in no better position to resist a demand for payment than it was when the application was made. Doubtless, with knowledge of the facts, it would have refused to pay the judgment, and would have sought to avoid the issuance of execution by motion to the appellate division for a stay pending the consideration of the application by the court of appeals (a step which, up to the time of the payment, had not been taken); but still this knowledge of the facts would not have affected the rights and obligations of the parties at the time, and would have disclosed, not the justice of a refusal to pay the judgment (since its binding effect was in no way lessened), but merely the advisability of taking a step which should have been taken before, whereby the necessity of payment might be avoided. The misconception which led to the payment, under these circumstances, was not a mistake of fact such as could equitably justify the court's interference with the possession acquired under absolute right, as it was here. The matter cannot be said to present anything more than an error of judgment, for which equity can afford no relief, and the motion must therefore be denied, with $10 costs.